IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JESSICA ARECHIGA,** | § | **CIVIL ACTION NO. 5:15-CV-817** |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | **PLAINTIFFS' ORIGINAL** |
| | § | **COMPLAINT** |
| **CADIZ HOLDEN LIM and FIRST** | § | |
| **COALITION TRANSPORT** | § | |
| **CORPORATION** | § | |
| | § | |
| Defendants | | **JURY DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **JESSICA ARECHIGA,** Plaintiff, and files this, his Original Complaint, complaining of Defendants **CADIZ HOLDEN LIM and FIRST COALITION TRANSPORT CORPORATION** (hereinafter "Defendants"), and for cause of action would respectfully show unto the Court the following:

### I.
### VENUE AND JURISDICTION

1. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of fees and costs and this is a suit between citizens of different states.

2. Venue as to this petition is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

II.

## PARTIES

3. Plaintiff JESSICA ARECHIGA, is an individual and is a resident of San Antonio, Bexar County, Texas.

4. Defendant FIRST COALITION TRANSPORT CORPORATION (hereinafter "FIRST COALITION"), is a corporation with its principal place of business in BAKERSFIELD, CALIFORNIA, that does business in the State of Texas. FIRST COALITION may be served with citation by serving its registered agent, Dinky Sevilla Yu at 3900 Argyle Court, Bakersfield, California 93313.

5. Defendant CADIZ HOLDEN LIM (hereinafter "LIM.") is a natural person and, at all times relevant to this cause, has been and continues to be a resident of DELANO, CALIFORNIA. LIM may be served by serving him at his residence: 1008 Via Serano, Delano, California 93215.

III.

## FACTS

6. On June 26, 2015, Plaintiff was making a left hand turn onto Rittiman Road from the IH 35 Access Road driving a 2014 Kia Optima in the City of San Antonio, Texas. At the same time, Defendant Lim was also making a left hand turn onto Rittiman Road from the IH 35 Access Road driving a 2005 Kenworth tractor trailer, which was owned and operated at the direction of Defendant First Coalition. Defendant Lim made an improper turn by cutting the corner and collided with Plaintiff.

7. Due to Defendants' negligence, Plaintiff suffered severe and debilitating injuries.

IV.

## AGENCY AND RESPONDEAT SUPERIOR

8. At the time of the collision and the occurrences giving rise to this cause of action, Defendant LIM was the operator of the tractor and trailer owned by Defendant FIRST COALITION and was an employee of FIRST COALITION.

9. Defendant FIRST COALITION, at the time of the collision was, upon information and belief, an interstate carrier or federal motor carrier.

10. At all times material hereto, Defendant LIM was acting within the course and scope of his employment or official duties for Defendant FIRST COALITION and in furtherance of the duties of his office or employment for Defendant FIRST COALITION.

11. Moreover, at the time of the collision and at all other times relevant hereto, Defendant LIM was operating under the authority of Defendant FIRST COALITION as a motor carrier.

12. Defendant FIRST COALITION, as the employer and motor carrier, is responsible for the negligent acts or omissions of Defendant LIM under the principles of respondeat superior and/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## V.

## **NEGLIGENCE**

13. Plaintiffs would show that, on the occasion in question, Defendants owed a duty to conduct itself in a manner consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent person and/or entity would act.

14. Defendant LIM breached his duty to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

    a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

    b. Failing to control speed;

      c.      Failing to take timely or proper evasive action to avoid the collision in question;

      d.      Failing to pay attention;

      e.      Failing to control the subject vehicle so that a collision would not occur;

      f.      Failing to yield at a traffic light.

15.    Defendant FIRST COALITION breached its duty to Plaintiff and acted in a manner that was negligent or negligent per say by failing to exercise ordinary care to hire, train and supervise its drivers with respect to ensuring that they were and would continue to be safe drivers with knowledge of the matters necessary for the proper operation of the vehicles that they controlled.

16.    Defendant breached its duty because it knew or should have known that Defendant LIM was not a capable, qualified and knowledgeable driver.

17.    Defendant breached its duty because it failed to provide the necessary training for Defendant LIM to operate his vehicle in a safe manner and in conformity with the requirements of the law.

18.    Defendant breached its duty because it failed to supervise Defendant LIM to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

19.    Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

20.    Plaintiff would show that, as a proximate cause of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.

## **DAMAGES**

21.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries.

22.     For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish, and will continue to incur health care costs.   Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

## IX.

## **PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

32.     Plaintiff is entitled to recover all pre-judgment and post-judgment interest as allowed by law, along with his costs of court.

## X.

## **CONDITIONS PRECEDENT**

33.     All conditions precedent have been performed or have occurred to support the Plaintiff's complaint and causes of action.

## XI.

## **REQUEST FOR JURY TRIAL**

34.     Plaintiff respectfully requests a trial by jury.

**THEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff has judgment against Defendants for:

        a.     All medical expenses in the past and future;

    b.      Mental anguish in the past and future;

    c.      Physical pain in the past and future;

    d.      Physical impairment in the past and future;

    e.      Lost wages;

    f.      Lost earning capacity;

    g.      Disfigurement in the past and future;

    h.      Pre- and post-judgment interest as allowed by law;

    i.      Costs of suit; and

    j.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone:  (210) 340-5550
Facsimile:  (210) 340-5581


By: /s/ James Perrin
Paula A. Wyatt
State Bar No. 10541400
pwyatt@wyattlawfirm.com
James Perrin
State Bar No. 24027611
jperrin@wyattlawfirm.com

**ATTORNEYS FOR PLAINTIFF**