UNITED SATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA ARECHIGA, <br> Plaintiff | § § § § | |
| vs. | § | CIVIL ACTION NO. 5:15-CV-817 |
| | § § | |
| CADIZ HOLDEN LIM and FIRST COALITION TRANSPORT CORPORATION <br> Defendants | § § § § § | |

## DEFENDANT FIRST COALITION TRANSPORT CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF JESSICA ARECHIGA'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, First Coalition Transport Corporation ("First Coalition"), Defendant in the above numbered and entitled cause of action, and files this Original Answer to Plaintiff Jessica Arechiga's ("Arechiga" or "Plaintiff") Original Petition, and in support thereof would respectfully show unto the Court as follows:

1. Unless specifically admitted, First Coalition denies all allegations in Plaintiff's Original Petition, as allowed under Rule 8(b) of the Federal Rules of Civil Procedure.

2. First Coalition admits the allegations in the first paragraph of Section I regarding jurisdiction.

3. First Coalition admits the allegations in the second paragraph of Section I regarding venue.

4. First Coalition denies it has knowledge or information sufficient to form a belief as to the truth of the averments relating to Plaintiff and her citizenship or residency asserted in the first paragraph of Section II of Plaintiff's Original Complaint.

5. First Coalition admits the allegations in the second paragraph of Section II of Plaintiff's Original Complaint.

6. First Coalition denies it has knowledge or information sufficient to form a belief as to the truth of the allegations relating to Cadiz Holden Lim's residence as stated in the third paragraph of Section II of Plaintiff's Original Complaint.

7. First Coalition denies the allegations contained in the first paragraph of Section III of Plaintiff's Original Petition.

8. First Coalition denies the allegations contained in the second paragraph of Section III of Plaintiff's Original Petition.

9. First Coalition admits the allegations contained in the first paragraph of Section IV of Plaintiff's Original Petition as to it being the owner of the tractor and trailer involved in the subject accident. First Coalition denies the remainder of the allegations contained in the first paragraph of Section IV of Plaintiff's Original Petition and/or denies it has knowledge or information sufficient to form a belief as to the truth of the allegations relating to the operator of the tractor and trailer at the time of the subject accident as stated in the first paragraph of Section IV of Plaintiff's Original Petition.

10. First Coalition admits the allegations contained in the second paragraph of Section IV of Plaintiff's Original Petition.

11. First Coalition denies the allegations contained in the third paragraph of Section IV of Plaintiff's Original Petition.

12. First Coalition denies the allegations contained in the fourth paragraph of Section IV of Plaintiff's Original Petition.

13. First Coalition denies the allegations contained in the fifth paragraph of Section IV of Plaintiff's Original Petition.

14. First Coalition denies the allegations contained in the first paragraph of Section V of Plaintiff's Original Petition as to itself. First Coalition denies it has knowledge or information sufficient to form a belief as to the truth of the allegations relating to Cadiz Holden Lim's duty to conduct himself in a manner consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent person would act as stated in the first paragraph of Section V of Plaintiff's Original Complaint.

15. First Coalition denies the allegations contained in the second paragraph of Section V of Plaintiff's Original Petition. First Coalition further denies all allegations contained in the subparts including, but not limited to, sections a through f, of the second paragraph of Section V of Plaintiff's Original Petition.

16. First Coalition denies the allegations contained in the third paragraph of Section V of Plaintiff's Original Petition.

17. First Coalition denies the allegations contained in the fourth paragraph of Section V of Plaintiff's Original Petition.

18. First Coalition denies the allegations contained in the fifth paragraph of Section V of Plaintiff's Original Petition.

19. First Coalition denies the allegations contained in the sixth paragraph of Section V of Plaintiff's Original Petition.

20.     First Coalition denies the allegations contained in the seventh paragraph of Section V of Plaintiff's Original Petition.

21.     First Coalition denies the allegations contained in the eighth paragraph of Section V of Plaintiff's Original Petition.

22.     First Coalition denies the allegations contained in the first paragraph of Section VI of Plaintiff's Original Petition.

23.     First Coalition denies the allegations contained in the second paragraph of Section VI of Plaintiff's Original Petition.

24.     Plaintiff's Original Complaint omits Sections VII and VIII.  However, to the extent Plaintiff's Original Petition intended to include allegations under Sections VII and VIII, First Coalition denies any allegations contained in Sections VII and VIII of Plaintiff's Original Petition.

25.     First Coalition denies the allegations contained in the first paragraph of Section IX of Plaintiff's Original Petition.

26.     First Coalition denies the allegations contained in the first paragraph of Section X of Plaintiff's Original Petition.

27.     First Coalition admits the allegations contained in the first paragraph of Section XI of Plaintiff's Original Petition regarding a request for a jury trial.

28.     First Coalition denies the allegations contained in the second paragraph of Section XI of Plaintiff's Original Petition.  First Coalition further denies all allegations contained in the subparts including, but not limited to, sections a through j, of the second paragraph of Section XI of Plaintiff's Original Petition.

## **AFFIRMATIVE DEFENSES**

29. Pleading further, First Coalition asserts that Plaintiff's comparative negligence was the cause of or contributed to the incident and damages of which Plaintiff complains.

30. Alternatively, pleading further, First Coalition asserts and invokes the Texas Civil Practice and Remedies Code, section 41.0105 which limits Plaintiff's proof and recovery regarding medical expenses to amounts paid or incurred.

31. Alternatively, pleading further, First Coalition asserts that Plaintiff's injuries, if any, appear to be preexisting or unrelated to the alleged accident made the basis of this claim.

32. Alternatively, pleading further, First Coalition contends that Plaintiff failed to mitigate her damages.

WHEREFORE, PREMISES CONSIDERED, Defendant First Coalition Transport Corporation prays that Plaintiff Jessica Arechiga take nothing by this lawsuit, and that the Defendant be allowed to recover all of its costs and attorney's fees, and such other relief, both special and general, at law or in equity, to which it may show itself justly entitled.

Respectfully Submitted,

**CURNEY, FARMER, HOUSE & OSUNA, P.C.**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone No. (210) 377-1990
Facsimile No. (210) 377-1065
Email: eosuna@cfholaw.com
Email: tpandya@cfhol.aw.com

By: _____
**Edward Osuna**
State Bar No. 15339460
**Tushar Y. Pandya**
State Bar No. 24039907

*Attorney for Defendant, First Coalition Transport Corporation*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following through the electronic filing manager, by mail, by commercial delivery service, by fax, by email, or by such other manner as directed by the court on the 24th day of November, 2015.

Paula A. Wyatt
James Perrin
Wyatt Law Firm, LTD.
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
*Attorneys for Plaintiff*

_____
**Edward L. Osuna**
**Tushar Y. Pandya**